J-S16044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| JACQUIN JOHN CARR | : : | |
| Appellant | : : | No. 1204 MDA 2017 |

Appeal from the PCRA Order July 18, 2017
in the Court of Common Pleas of Lancaster County
Criminal Division at No.:  CP-36-CR-0000255-2007

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                              **FILED MAY 30, 2018**

Appellant, Jacquin John Carr, appeals *pro se* from the order denying his motion for DNA testing pursuant to Section 9543.1 of the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On March 12, 2008, following his jury trial, Appellant was convicted of second-degree murder, and, on March 31, 2008, he was sentenced to a term of life in prison.  On May 27, 2009, this Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on June 16, 2010.  (**See Commonwealth v. Carr**, 976 A.2d 1199 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 996 A.2d 1067 (Pa. 2010)).  Appellant filed his first PCRA petition on

_____

*   Retired Senior Judge assigned to the Superior Court.

March 15, 2011, which the court denied on March 1, 2013. On April 15, 2014, this Court dismissed Appellant's appeal for failure to file a brief.

On July 17, 2017, Appellant filed the instant motion for DNA testing. The PCRA court denied the motion on July 18, 2017. This timely appeal followed.[1]

Appellant raises the following question for our review: "[Whether] the [PCRA] court abused its discretion when it dismissed the petition filed by the Appellant and pertaining to this instant case[?]" (Appellant's Brief, at 3 (unnecessary capitalization omitted); *see id.* at 8-17). This issue does not merit relief.

> Initially, we note that, when examining the propriety of an order resolving a request for DNA testing, we employ the PCRA standard of review. On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. In the present matter, we are considering the PCRA court's denial of a request for DNA testing. In this context, the [timeliness] filing requirements of 42 Pa.C.S.[A.] § 9545 have not yet been implicated. . . .

*Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013) (citations and quotation marks omitted).

> Generally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in Section 9543.1. We can affirm the court's

---

[1] Appellant filed his concise statement of matters complained of on appeal on August 14, 2017. The trial court entered its opinion on September 22, 2017. *See* Pa.R.A.P. 1925.

decision if there is any basis to support it, even if we rely on different grounds to affirm.

*Commonwealth v. Walsh*, 125 A.3d 1248, 1252–53 (Pa. Super. 2015)

(citation omitted).

The applicable statutory provisions state, in relevant part, as follows:

**(a) Motion.—**

(1) An individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment or awaiting execution because of a sentence of death may apply by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.

(2) The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

\* \* \*

**(c) Requirements.—**In any motion under subsection (a), under penalty of perjury, the applicant shall:

(1) (i) specify the evidence to be tested;

(ii) state that the applicant consents to provide samples of bodily fluid for use in the DNA testing; and

(iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.

(2) (i) assert the applicant's actual innocence of the offense for which the applicant was convicted; and

\* \* \*

(3) present a *prima facie* case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) the applicant's actual innocence of the offense for which the applicant was convicted;

\* \* \*

**(d) Order.—**

(1) Except as provided in paragraph (2), the court shall order the testing requested in a motion under subsection (a) under reasonable conditions designed to preserve the integrity of the evidence and the testing process upon a determination, after review of the record of the applicant's trial, that the:

(i) requirements of subsection (c) have been met;

(ii) evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been altered in any material respect; and

(iii) motion is made in a timely manner and for the purpose of demonstrating the applicant's actual innocence and not to delay the execution of sentence or administration of justice.

(2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable possibility that the testing would produce exculpatory evidence that:

(i) would establish the applicant's actual innocence of the offense for which the applicant was convicted; . . .

42 Pa.C.S.A. § 9543.1(a), (c), (d).

Thus, under Section 9543.1(a):

The statute sets forth several threshold requirements to obtain DNA testing: (1) the evidence specified must be available for testing on the date of the motion; (2) **if the evidence was discovered prior to the applicant's conviction, it was not already DNA tested because (a) technology for testing did not exist at the time of the applicant's trial; (b) the applicant's counsel did not request testing in a case that went to verdict before January 1, 1995; or (c) counsel sought funds from the court to pay for the testing because his client was indigent, and the court refused the request despite the client's indigency**.

Additionally:

The text of the statute set forth in Section 9543.1(c)(3) and reinforced in Section 9543.1(d)(2) requires the applicant to demonstrate that favorable results of the requested DNA testing would establish the applicant's actual innocence of the crime of conviction. The statutory standard to obtain testing requires more than conjecture or speculation; it

> demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence.
>
> Significantly, in DNA testing cases, an absence of evidence is not evidence of absence. . . .

***Walsh***, ***supra*** at 1254–55 (case citations, quotation marks, and original emphasis omitted; emphasis added).

Here, Appellant petitioned the PCRA court for DNA testing of two swabs taken from the sidewalk of the crime scene, and blood on a cell phone dropped by the victim.[2]  He claims that he did not ask for them to be tested earlier because he did not know of their existence, and argues: "the DNA testing will allow the Commonwealth to determine the real attacker who attempted to rob the decedent and did kill the decedent."  (Appellant's Brief, at 9) (most capitalization omitted).

Appellant has failed to meet the threshold requirements for DNA testing under Section 9543(a)(2).  ***See*** 42 Pa.C.S.A. § 9543.1(a)(2).  The swabs from the sidewalk and the cell phone were discovered before Appellant's trial in 2010, technology for DNA testing was available at the time of his trial, the verdict was rendered after January 1, 1995, and there is no evidence that the trial court refused funds for DNA testing.  ***See id.***  Consequently, Appellant has not met his threshold burden under Section 9543.1(a)(2).  ***See Walsh***, ***supra*** at 1257 (concluding appellant unable to satisfy threshold requirements

---

[2] The PCRA court observed that the swabs were taken from a public sidewalk and were not admitted at trial, and no swabs were taken on the cell phone collected from the crime scene.  (***See*** PCRA Court Opinion, 9/22/17, at unnumbered page 3).

necessary to obtain post-conviction DNA testing of evidence discovered and available before trial where DNA testing technology was available at time of trial, jury reached its verdict after January 1, 1995, and court did not refuse request for funds for DNA testing).

Additionally, Appellant has failed to prove a *prima facie* case that the testing would produce exculpatory evidence proving his actual innocence. **See id.** at 1254-55; 42 Pa.C.S.A. § 9543.1(c)(3), (d)(2). The PCRA court found that Appellant's argument that the testing will reveal blood belonging to someone other than himself does not establish a *prima facie* case because "an averment that a [d]efendant's DNA will be absent from the crime scene will not justify testing under section 9543.1." (PCRA Ct. Op., at unnumbered page 4) (footnote omitted) (citing cases). Upon review, we agree.

In sum, we conclude the PCRA court properly denied Appellant's motion for post-conviction DNA testing. **See Gacobano**, **supra** at 419. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/30/18